ULRICH J. ROTH, JR., Doing Business as FIVE TOWNS NEON SERVICE, et al., Plaintiffs, v. DUCKS HOCKEY CLUB, Defendant.

District Court of Suffolk County, September 8, 1966.

*Nathaniel M. Swergold* for plaintiffs. *Robert G. Bauer* for defendant.

ERNEST L. SIGNORELLI, J. The plaintiffs herein seek damages for the defendant's alleged breach of a written agreement in which the defendant granted to the plaintiffs the right to install certain advertising signs in the sports arena operated by the defendant.

It is the defendant's position that it is not liable herein, on the ground that the person with whom the plaintiffs contracted for the display of the signs in question, did not have the authority to enter into the agreement, and was in fact, an inde-

pendent contractor. There was introduced into evidence by the defendant, an agreement purporting to grant to the supposed agent, the advertising concession for the display of the signs in the arena for a given consideration.

The plaintiff, on the other hand, maintains that it dealt in good faith with an agent who was presumably cloaked by the defendant principal, with the necessary authority to act on behalf of the principal.

It would appear that the testimony which was presented at this trial, amply supports the plaintiffs' position, in that the defendant had supplied the agent with an office at the defendant's arena, and that the said office facilities in no way indicated that he was not a representative of the defendant; that in addition thereto, the agreement for the display of the signs was prepared by the agent on the defendant's stationery; that a check drawn upon the defendant's checking account was delivered to the plaintiff in an attempt to make partial repayment to the plaintiffs when the plaintiffs' signs which had been installed at the defendant's arena had been taken down.

Due to all of the foregoing reasons, the plaintiffs had a right to believe that the agent was acting within the scope of his apparent authority. Apparent authority has been defined as that authority which the principal holds the agent out as possessing, or which he permits the agent to represent that he possesses, and which the defendant is estopped to deny. We have a situation where a principal has, by his voluntary act, placed an agent in such a position that a person of ordinary prudence, conversant with business usages, is justified in assuming that said agent has the authority to perform a particular act, and therefore deals with said agent upon that assumption.

Accordingly, it is the opinion of the court that plaintiffs have established a good cause of action for breach of contract, and are entitled to recover damages therefor as provided by law.

In deciding the question of damages, and the allocation of a fair and reasonable amount to which plaintiffs are entitled, a contract granting the privilege of maintaining a sign without any exclusive right of possession does not create a landlord-tenant relationship, and the measure of damages for the breach thereof is the value of the privilege granted under the contract; but in the absence of any competent evidence to demonstrate the value of the privilege, or the expenses incurred in anticipation of its exercise, the aggrieved party cannot, as a general rule, recover damages in excess of the consideration paid for the privilege. (See Encyclopedia New York Law [1965], Vol. 10 [N. Y. Damages Law], § 707, p. 194.)

In the decision rendered in the case of *May* v. *Breunig* (120 N. Y. S. 98), which contains a factual situation similar to the one in the case herein, the plaintiff was permitted to recover the amount which he had paid the defendants for the privilege of displaying and maintaining his sign on the defendant's premises. The plaintiff, on appeal, maintained the damages awarded were insufficient, since judgment did not include damages incurred in the preparation of the signs. The court therein held that the plaintiff would be precluded from recovering the expenses incurred by him, namely, the cost of manufacturing the signs, because he had failed to indicate the present worth of these signs to the plaintiff, and the usability thereof in other locations other than the defendant's premises.

Since this record is barren of proof regarding the present value of the signs, notwithstanding defendant's refusal to allow the signs to be erected on its premises, the plaintiffs can now only recover for the actual consideration which was paid for the privilege under the contract in question, which amounted to the sum of $250.

The plaintiffs are accordingly entitled to judgment in the sum of $250, together with the costs and disbursements of this action.